IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **JAMES ARCHER,**<br><br>    **Plaintiff,**<br><br>  -v-<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, and CITIZENS BANK, N.A.,**<br><br>    **Defendants.** | **Civil Case Number:** 2:25-cv-12941-BHH<br><br>**CIVIL ACTION**<br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff JAMES ARCHER ("Plaintiff") through the undersigned counsel, alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* against Defendants EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), TRANS UNION, LLC ("Trans Union") and CITIZENS BANK, N.A. ("Citizens") (collectively, the "Defendants").

## INTRODUCTION

1. Plaintiff's Complaint arises from violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* by Defendants.

2. Plaintiff contends that Experian, and Trans Union (collectively referred to as the "CRA Defendants") failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports.

3. Plaintiff further alleges that Defendants failed to properly investigate inaccurate information on his credit reports in response to Plaintiff's disputes.

1

4. "Consumer reports" under 15 U.S.C. § 1681a(d) include both credit file disclosures obtained directly by Plaintiff from the consumer reporting agencies and reports obtained by third parties for purposes such as determining Plaintiff's eligibility for credit.

## JURISDICTION AND VENUE

5. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All Defendants regularly conduct business within the State of South Carolina and violated Plaintiff's rights under the FCRA within the State of South Carolina as alleged more fully below.

6. Venue is proper in this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conduct business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

7. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

8. Plaintiff is a natural person who resides in Johns Island, South Carolina.

9. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

10. Defendant Experian Information Solutions, Inc. is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

11. Experian Information Solutions, Inc. is a corporation incorporated in the State of Ohio, with its principal place of business located in Costa Mesa, California.

12. Defendant Trans Union, LLC ("Trans Union") is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

13. Trans Union is a limited liability company with its principal place of business at 555 W. Adams Street, Chicago, IL 60661.

14. Defendant Citizens Bank, N.A. ("Citizens") is a national banking association organized and existing under the laws of the United States, with its principal place of business located at One Citizens Plaza, Providence, Rhode Island 02903.

15. Citizens is the successor by merger to Charter One Bank and conducts business nationwide, including in South Carolina, where the events giving rise to this Complaint occurred.

16. During all times pertinent to this Complaint, the Defendants were authorized to conduct business in the State of South Carolina and conducted business in the State of South Carolina on a routine and systematic basis.

17. During all times pertinent to this Complaint, the Defendants acted through authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

18. Any violations by the Defendants were not in good faith, were knowing, willful, negligent, and/or intentional.

**FACTUAL BACKGROUND**

3

19.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

20.     The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate consumer reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continual functioning of the banking system.

21.     Congress enacted the FCRA to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

22.     The FCRA is intended to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other consumer information.

23.     Experian, Trans Union, and Equifax, the three major consumer reporting agencies in the United States, regularly publish and distribute credit information about Plaintiff and other consumers through the sale of consumer reports.

24.     Plaintiff is a responsible consumer with a long-standing history of timely payments on various lines of credit, including prior home equity lines of credit ("HELOCs").

25.     On or about November 15, 2024, Plaintiff entered into a HELOC agreement with Citizens Bank, N.A., doing business on credit reports as "Charter One" (hereinafter "Citizens"), a nationwide furnisher of credit information to consumer reporting agencies.

26.     As part of the loan agreement, a representative from Citizens informed Plaintiff that he would receive a 0.25% interest rate reduction if he enabled automatic monthly payments

4

("autopay") from his Citizens checking account. Plaintiff agreed to this arrangement and enabled autopay at the time of account origination.

27. The HELOC agreement contains no provision indicating that modifying the payment structure of the loan (e.g., switching from principal-and-interest to interest-only payments) would disable or interfere with the autopay function.

28. On or about January 24, 2025, Plaintiff contacted Citizens to modify the payment structure of his HELOC account from principal-and-interest to interest-only payments, as permitted by the terms of the loan.

29. At no time was Plaintiff informed that this change would disable autopay.

30. Monthly billing statements continued to indicate that autopay was active.

31. Nevertheless, due to an internal error by Citizens, the autopay did not process the required payment due on January 25, 2025, despite sufficient funds being available in Plaintiff's Citizens checking account.

32. The payment was not made until February 25, 2025, resulting in a purported "30-day delinquency" being reported by Citizens to the nationwide consumer reporting agencies, including Defendants Experian and Trans Union.

33. Upon discovering the reporting of a 30-day delinquency on his credit reports, Plaintiff immediately contacted Citizens to investigate.

34. A Citizens representative acknowledged that autopay had been active since the date of account opening and could not explain why the January 2025 payment failed to process.

35. Plaintiff also submitted a written dispute directly to Citizens in March 2025, asserting that the reported delinquency was inaccurate and the result of the bank's own error.

36. Citizens responded on April 1, 2025, stating that it was unable to assist and declined to correct the tradeline.

37. Plaintiff thereafter submitted written disputes to Experian and TransUnion on or about May 1, 2025, pursuant to 15 U.S.C. § 1681i(a), attaching documentary evidence including:

    (a) Statements showing that autopay remained listed as "enabled" before, during, and after January 2025;

    (b) Bank account statements confirming the availability of sufficient funds; and

    (c) A transaction history showing the absence of any autopay withdrawal for the January 2025 billing cycle.

38. Upon information and belief, Experian received Plaintiff's dispute.

39. Upon information and belief, Citizens was notified of this dispute by Experian.

40. Upon information and belief, Trans Union received Plaintiff's dispute.

41. Upon information and belief, Citizens was notified of this dispute by Trans Union.

42. However, following receipt of Plaintiff's dispute, Experian failed to conduct a reasonable reinvestigation of Plaintiff's dispute and continued to report the inaccurate 30-day delinquency, thereby violating 15 U.S.C. § 1681i(a)(1)(A).

43. Similarly, following receipt of Plaintiff's dispute, Trans Union failed to conduct a reasonable reinvestigation of Plaintiff's dispute and continued to report the inaccurate 30-day delinquency, thereby violating 15 U.S.C. § 1681i(a)(1)(A).

44. Upon information and belief, Citizens received notice of Plaintiff's disputes from the consumer reporting agencies but failed to conduct a reasonable investigation of the dispute or correct the inaccurate information, in violation of 15 U.S.C. § 1681s-2(b).

45. The tradeline reported by Citizens and published by Experian and TransUnion is patently inaccurate. The delinquency was not due to any fault or neglect on Plaintiff's part, but rather a system failure on the part of Citizens in processing an automated payment.

46. Upon information and belief, the CRA's had all the information necessary to locate, investigate, and correct this inaccurate information, but just failed to do so.

47. Furthermore, upon information and belief, Citizens also had all the information it needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

48. At all times pertinent hereto, the CRA Defendants' conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under sections 1681s and 1681i of the FCRA.

49. At all times pertinent hereto, Citizens' conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s-2b of the FCRA.

50. As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in his daily life. For example, Plaintiff's credit score dropped significantly, affecting the Plaintiff's ability to obtain credit.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST EXPERIAN**

51. All preceding paragraphs are realleged.

52. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

53. The FCRA provides that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the

consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(a).

54. However, Defendant Experian has failed to conduct a reasonable investigation to determine whether the disputed information is accurately and correctly reported on Plaintiff's credit report, despite the expiration of its time to do so.

55. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EXPERIAN

56. All preceding paragraphs are realleged.

57. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

58. Had Experian followed procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate information being reported on the Plaintiff's credit report.

59. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

### COUNT III
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST TRANS UNION

60. All preceding paragraphs are realleged.

61. At all times pertinent hereto, Trans Union was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

62. The FCRA provides that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(a).

63. However, Defendant Trans Union has failed to conduct a reasonable investigation to determine whether the disputed information is accurately and correctly reported on Plaintiff's credit report, despite the expiration of its time to do so.

64. As a direct and proximate result of Trans Union's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

### COUNT IV
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY

**15 U.S.C. § 1681e(b)**
**AGAINST TRANS UNION**

65.  All preceding paragraphs are realleged.

66.  Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

67.  Had Trans Union followed procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate information being reported on the Plaintiff's credit report.

68.  As a direct and proximate result of Trans Union's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

**COUNT V**
**FAILURE TO INVESTIGATE DISPUTE**
**15 USC § 1681s-2(b)**
**AGAINST CITIZENS**

69.  All preceding paragraphs are re-alleged.

70.  Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

71.  Plaintiff submitted written disputes to the CRA Defendants disputing the accuracy of the account being reported by Citizens.

72.  Upon information and belief, Citizens received notice of these disputes from the credit bureaus.

73.  Citizens was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

74. Even after the Plaintiff properly disputed this account information with the CRA Defendants and directly with Citizens, Citizens refused to conduct a reasonable investigation and continued inaccurately reporting the account on Plaintiff's credit reports.

75. Citizens' conduct violated section 1681s-2(b) of the FCRA.

76. Citizens' conduct was both negligent and willful, where the Defendant repeatedly refused to correct its patently inaccurate credit reporting.

77. As a result of the Defendant's conduct, the Plaintiff has been harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgments against Defendants for the following:

(a) Declaratory judgment that the CRA Defendants violated the FCRA, 15 U.S.C. § 1681e(b) and 1681i;

(b) Declaratory judgment that Defendant Citizens violated the FCRA, 15 U.S.C. § 1681s-2(b);

(c) An award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1) or 1681o(a)(1);

(d) An award of statutory damages pursuant to 15 U.S.C. §§ 1681n(a)(1) and 1681o(a)(1);

(e) An award of punitive damages, as allowed by the Court pursuant to 15 U.S.C. § 1681n(a)(2);

(f) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and

(g) Such other and further relief as this Honorable Court may deem just and proper, including any applicable pre-judgment and post-judgment interest, and/or declaratory relief.

## **JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: October 6, 2025

/s/ Spencer Andrew Syrett
Spencer Andrew Syrett, Esq.
Federal Bar ID # 4408
SC Bar ID # 5459
712 Richland Street, Suite E
Columbia, SC 29201
Tel: (803) 765-2110
Email: syrettlaw@sc.rr.com
*Counsel for Plaintiff*